IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | * Crim. No. RWT 11-0467 |
| **NICHELLE CORBETT** | * |

## MEMORANDUM OPINION

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B) and Local Rule 302.1, Appellant Nichelle Corbett challenges the judgment of conviction for failure to stop at a stop sign entered by United States Magistrate Judge Charles B. Day after a trial on August 15, 2011. For the reasons set forth below, the conviction shall be affirmed.

## BACKGROUND[1]

On June 12, 2011, Airman Dominic Wilkerson and Sergeant Brian Fonseca stopped Appellant and her mother, a passenger in Appellant's vehicle, at Joint Base Andrews (JBA) and issued a citation for failure to stop at a stop sign (Citation # R3308905). The ticket imposed a $90 forfeiture amount and a $25 processing fee for a total of $115.

Appellant pled not guilty and went to trial before Magistrate Judge Day on August 15, 2011 at JBA. Magistrate Judge Day found Appellant guilty of the offense and imposed a fine of $100, a special assessment of $5, and a processing fee of $25 for a total of $130. Appellant filed a letter with this Court on August 29, 2011 appealing her conviction, ECF No. 1, and filed

---

[1] The factual background and information regarding witnesses' testimonies were drawn from an audio recording of the trial.

1

additional correspondence on October 17, 2011 that largely replicated the content of her earlier filing, ECF No. 3. Almost two years later, on August 27, 2013, the Government, with leave of this Court, filed a response. ECF No. 6.

## STANDARD OF REVIEW AND SCOPE OF APPEAL

In appealing from a Magistrate Judge's ruling for a petty offense or other misdemeanor, "[t]he defendant is not entitled to a trial de novo by the district judge." Fed. R. Crim. P. 58(g)(2)(D). The district court reviews findings of fact for clear error and issues of law de novo. *See United States v. Bursey*, 416 F.3d 301, 306 (4th Cir. 2005). In determining whether sufficient evidence exists for the trier of fact to find the defendant guilty beyond a reasonable doubt, the district court must interpret evidence in the light most favorable to the government. *See United States v. Sherman*, 421 F.2d 198, 199–200 (4th Cir. 1970), *cert. denied*, 398 U.S. 914 (1970); *United States v. Haynesworth*, 743 F. Supp. 388, 391 (D. Md. 1990). The court may not reweigh the evidence or reconsider the credibility of witnesses. *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997).

## ANALYSIS

Appellant challenges Magistrate Judge Day's findings of fact and his credibility determinations regarding testimonies offered by Airman Wilkerson, Sergeant Fonseca, Appellant, and Appellant's mother. She primarily argues that Magistrate Judge Day did not lend enough weight to her mother's testimony and that he afforded too much weight to Sergeant Fonseca's testimony.

At trial, Airman Wilkerson reported witnessing Appellant's vehicle "roll through" the intersection at a "slow speed" with no attempt to stop. Sergeant Fonseca testified that he did not see whether Appellant's vehicle stopped, but that he heard Appellant's mother admit "my

daughter didn't stop, but she did it safely." Both Appellant and her mother testified that she did stop at the intersection. After hearing all witnesses, Magistrate Judge Day found "the testimony of Sergeant Fonseca to be most credible" and found Appellant guilty of failing to stop at the stop sign. He acknowledged natural biases that can color testimonies in such "who-do-you-believe" cases, and he found Sergeant Fonseca's testimony to be "credible and probative and controlling" in part because he did not simply reproduce Airman Wilkerson's testimony but admitted to not having witnessed whether Appellant stopped. Magistrate Judge Day credited Sergeant Fonseca's testimony regarding the conversation subsequent to the stop as sufficient admission on Appellant's mother's part that her daughter did not stop at the stop sign.

There is clearly sufficient evidence to permit the trier of fact to find Appellant guilty of the stated offense beyond a reasonable doubt. Magistrate Judge Day heard and weighed the testimonies of Airman Wilkerson, Sergeant Fonseca, Appellant, and Appellant's mother, and he made factual findings based on his consideration of the evidence before him. This Court does not find that Magistrate Judge Day's factual determinations were clearly erroneous. In the absence of clear error, the Magistrate Judge's ruling cannot be disturbed merely because Appellant disagrees with his credibility determinations.

## CONCLUSION

Accordingly, the Court, by separate Order, will affirm the conviction.

<u>Date</u>:  April 30, 2014

                                                        /s/

                                        ROGER W. TITUS
                                   UNITED STATES DISTRICT JUDGE